UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHRISTOPHER S. BARKSDALE, ) | CASE NO. 1:07 CV 1490 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY, OHIO et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On May 22, 2007, pro se plaintiff Christopher S. Barksdale filed this action under 42 U.S.C. § 1983 against Cuyahoga County, and Deutsche Bank Trust Company Americas fka Bankers Trust Company ("Deutsche Bank"). In the complaint, plaintiff alleges a state court foreclosure proceeding deprived his mother and/or her estate of real property. He seeks $3,000,000.00 in damages and an injunction against Cuyahoga County officials preventing them from confirming the real estate sale in the foreclosure matter. Mr. Barksdale also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

Deutsche Bank was the holder of a promissory note executed by the plaintiff's

mother, Jacqueline Barksdale Williams, and her husband Perry Williams, Jr.[1] The note was secured by a mortgage on the real property located at 3451 East 149th Street, Cleveland, Ohio 44120. The mortgage was filed for record on May 23, 2001. Sometime thereafter, the mortgage fell into default.

Cuyahoga County Probate Court records indicate that Jacqueline Barksdale Williams died on February 22, 2004. An Estate was not opened, however, until two years later in April 2006. Deutsche Bank filed a foreclosure action in the Cuyahoga County Court of Common Pleas against Ms. Barksdale Williams, Mr. Williams and the unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns of Jacqueline Barksdale Williams on November 17, 2004. See Deutsche Bank Trust Co. Americas v. Williams, Case No. CV 04 547780 (Cuyahoga County Ct. Com. Pl. filed Nov. 17, 2004)(Compl. Ex. A-1). No answer to the complaint was filed. A Motion for Default Judgment was filed on April 29, 2005. The court scheduled the matter for hearing on January 26, 2006. Judgment was awarded to Deutsche Bank against Ms. Barksdale Williams and Mr. Williams on March 2, 2006. The foreclosure sale was set for June 5, 2006.

On April 21, 2006, Christopher Barksdale filed an Application for Authority to Administer the Estate of Jacqueline Williams in the Cuyahoga County Probate Court. See Estate of Williams, Case No. 2006 EST 0112945. Prior to authority being granted to proceed with the administration, Christopher Barksdale filed a motion for relief from the foreclosure judgment against his mother on May 12, 2006. He argued that his mother had not conveyed her property rights by quitclaim deed to Mr. Williams and claimed that Mr. Williams obtained the conveyance in a fraudulent manner due to Ms. Barksdale Williams's ailing health. He also claimed that the trial

---

[1] The Assignment of Mortgage attached to the complaint indicates that Jacqueline Barksdale Williams and Perry Williams, Jr. are husband and wife. Christopher Barksdale does not indicate the nature of the relationship between his mother and Mr. Williams.

court lacked jurisdiction to proceed with the foreclosure sale since he filed an application to administer his mother's probate estate. The trial court denied the motion and Mr. Barksdale appealed that decision to the Ohio Eighth District Court of Appeals.

The Eighth District Court of Appeals upheld the judgment of the foreclosure action on April 19, 2007. Specifically, the court found that Mr. Barksdale lacked standing to file the Motion for Relief from Judgment and the appeal on behalf of his mother. A motion to confirm the sale of the property was filed by Deutsche Bank on May 30, 2007. The motion is still pending in the state court.

Approximately one month after the Eighth District Court of Appeals dismissed Mr. Barksdale's appeal, he filed the within action in this court challenging the foreclosure action. He claims that the decision of the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals "promulgated a decision, Exhibit A in contravention of United States Constitutions Article One Section One." (Compl. at 7.) He claims that "the defendants employees exercising powers reserved to the state unconstitutionally implemented separate unequal policies by implementing and executing its policy statement, ordinance, regulation or decisions officially adopted and promulgated by judges." (Compl. at 7.) He then states:

> section 301 imposes a six-month statute of limitation for a claim against the Union for breach of fair representation***Section 301 of the Labor Management Relations Act' The plaintiff's right to a jury trial was preempted, by the defendant, in contravention of the Seventh Amendment of the U.S. Constitution. Accordingly the defendant is liable under violation of 1964 Civil Rights Act Title III–DESEGREGATION OF PUBLIC FACILITIES SEC. 301.(a). and U.S.C. §1983 due to the fact execution of it's [sic] policy or custom of exclusion of plaintiff by providing separate unequal justice to him as a protected *pro se* litigant *Id.*. by its lawmakers whose edits or acts may fairly be said to represent official policy, of the County,

> has inflicted injury to the plaintiff by way of Denied full equal access, of services, privileges, advantages, of public accommodation of the Cuyahoga County Common Pleas System, by officials who pursued their duty to enforce State law.

(Compl. at 7.) He further asserts that the Cuyahoga County Court of Common Pleas is segregating "plaintiff who is Black *pro se* litigant from, its Courts of PUBLIC FACILITIES; by way of 'promulgation of Journal Entries.'" (Compl. at 8.) He contends that the Common Pleas Court opinion violates Ohio Revised Code §§ 2109.02 and 2109.07 and that he was "deprived ... of protections of the Ohio Constitution due course of law clause at Article § 1.16 & U.S. Constitutions' prohibitions against Governments Unlawful Sizer [sic] of Real Estate under the 4th Amendment thus the Judges Violated the 14th Amendment by their acts or edits, which makes the county as there [sic] employer Liable." (Compl. at 8.)

Mr. Barksdale further claims that Deutsche Bank is liable to him under 42 U.S.C. § 1983 under the doctrine of Respondeat Superior "for the employee acts & edits and culpable for it's [sic] usage, of Cuyahoga County Court's [sic] to which it subjected, plaintiff as citizens of the United States within the jurisdiction thereof to the deprivation of rights, privileges, or immunities secured by the Constitution." (Compl. at 10.) He also contends that they received significant aid from the state to make them liable under § 1983. Mr. Barksdale includes claims for "intentional infliction of physical and emotional distress" against both of the defendants.

### *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

## I. Rooker-Feldman Doctrine

As an initial matter, a federal district court cannot directly or indirectly overturn a state court judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. Coles v. Granville, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Mr. Barksdale is clearly seeking redress for injuries he claims he sustained as a result of the unfavorable state court judgments. While Mr. Barksdale contends that he does not intend his action to be an appeal from any opinion or decision of the courts in Cuyahoga County, the claims asserted in the pleading directly attack the decisions of the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals. All of the allegations in these causes of action concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on his belief that the state courts were mistaken in rendering their decisions against him and his mother. Moreover, plaintiff requests as relief that the state judgments

be declared unconstitutional and their execution enjoined. Any review of the constitutional claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him or his mother. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

## II. Younger Doctrine

Moreover, this court cannot intervene in a pending state court foreclosure matter and enjoin it from proceeding with the confirmation of the real estate sale. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented

in the complaint are clearly the subject of a pending state foreclosure matter, which are of paramount state interest. Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that Younger abstention was required in plaintiff's challenge to a state court foreclosure action). This court must therefore abstain from interfering in those proceedings and cannot intervene to prevent the confirmation of the sale.

### III. Res Judicata

Furthermore, Mr. Barksdale cannot attempt to litigate these matters anew in a different forum in the hope of obtaining a different outcome. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Allen v. McCurry, 449 U.S. 90, 94 (1980). The Ohio courts have already determined that the mortgage is in default, that judgment should issue in favor of Deutsche Bank, and that the property securing the note be sold to satisfy the judgment in the foreclosure proceeding. The Eighth District Court of Appeals has already determined that Mr. Barksdale lacks standing to assert claims in that foreclosure action. This court is bound to give full faith and credit to the decisions of those courts.

## IV. Failure to state a claim

Even if this court could entertain the matters presented in this action, Mr. Barksdale fails to state a claim upon which relief can be granted. Most of the pleading is composed of legal rhetoric which, in parts, is incomprehensible. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to clearly identify a discernable legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

In addition, none of the defendants would be liable to Mr. Barksdale under 42 U.S.C. § 1983. He contends that the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals Judges made decisions which were unconstitutional. He concludes that Cuyahoga

County, as the employer of these judges, is therefore liable.

Judicial officers are absolutely immune from civil suits for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Stump, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Mr. Barksdale contends that the Common Pleas Court and Court of Appeals Judges issued decisions and orders which are contrary to law. The conduct which he alleges took place while the individuals were acting as Judges and was within the subject matter jurisdiction of the courts over which they preside. Mr. Barksdale does not have recourse against the judges for damages under 42 U.S.C. §1983 for decisions with which he does not agree.

In view of the holding that the Judicial officers are entitled to absolute immunity, the County for which they work cannot be held vicariously liable for their actions. The theory of respondeat superior is one of derivative liability. Where the agent is not liable to the plaintiff, the employer cannot be held liable under a theory of respondeat superior. MacFarland v. Oakland County, No. 87-2068, 1989 WL 17256, at *4 (6th Cir. March 2, 1989).

In addition, local governments, as a rule, may not be sued under 42 U.S.C. § 1983

-10-

for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). Although Mr. Barksdale mentions that the "execution of it's [sic] policy or custom of exclusion of plaintiff by providing separate unequal justice to him as a protected *pro se* litigant *Id.*, by its lawmakers whose edits or acts may fairly be said to represent official policy , of the County, has inflicted injury to the plaintiff by way of Denied full equal access, of services, privileges, advantages, of public accommodation of the Cuyahoga County Common Pleas System, by officials who pursued their duty to enforce State law," it appears that the "policy" to which he is referring is the judgment which was rendered against him. The complaint contains no suggestion of an actual custom or policy of Cuyahoga County which may have resulted in the deprivation of a federally protected right of the plaintiff.

Finally, Deutsche Bank, a private party, is not a proper party under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state

-11-

law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Mr. Barksdale asserts that Deutsche obtained significant aid from the state because they were successful in their foreclosure lawsuit. Merely being a participant in litigation, however, does not make a private party a co-conspirator or joint actor with the state. Dennis v. Sparks, 449 U.S. 24, 28 (1980). There are no facts alleged in the complaint which would reasonably indicate that Deutsche Bank could be considered to have acted under color of state law.

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED
AUG 1 0 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[3]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-12-