**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER S. BARKSDALE, | : Case No. 1:07 CV 1490 |
| Plaintiff, | : |
| | : JUDGE CHRISTOPHER A. BOYKO |
| vs. | : |
| CUYAHOGA COUNTY, OHIO, et al., | : |
| | : <u>ORDER</u> |
| Defendants. | : |

Plaintiff Christopher S. Barksdale has filed a Motion for Reconsideration under Federal Civil Procedure Rule 59(e).  (Docket no.5).  For the following reasons, the Motion is **denied**.

On May 22, 2007, <u>pro se</u> plaintiff Christopher S. Barksdale filed this action under 42 U.S.C. § 1983 against Cuyahoga County, and Deutsche Bank Trust Company Americas fka Bankers Trust Company ("Deutsche Bank").  In the very disjointed complaint, he alleged that state court foreclosure proceedings had been filed against his mother, who died some time thereafter.  Mr. Barksdale made an attempt to intervene in the foreclosure proceedings on behalf of his mother but was denied standing by the Cuyahoga County Court of Common Pleas.  He appealed that decision and was also denied relief by the Eighth District Court of Appeals.

Mr. Barksdale then filed this federal action to challenge the foreclosure proceeding.  In the pleading, Mr. Barksdale alleged the Cuyahoga County Court of Common Pleas and the Eighth

District Court of Appeals "promulgated a decision...in contravention of United States Constitutions [sic] Article One Section One." (Compl. at 7.) He claimed that "the defendants [sic] employees exercising powers reserved to the state unconstitutionally implemented separate unequal policies by implementing and executing its policy statement, ordinance, regulation or decisions officially adopted and promulgated by judges." (Compl. at 7.) He then stated:

> section 301 imposes a six-month statute of limitation for a claim against the Union for breach of fair representation***Section 301 of the Labor Management Relations Act' The plaintiff's right to a jury trial was preempted, by the defendant, in contravention of the Seventh Amendment of the U.S. Constitution. Accordingly the defendant is liable under violation of 1964 Civil Rights Act Title III–DESEGREGATION OF PUBLIC FACILITIES SEC. 301.(a). and U.S.C. §1983 due to the fact execution of it's [sic] policy or custom of exclusion of plaintiff by providing separate unequal justice to him as a protected *pro se* litigant *Id.*, by its lawmakers whose edits or acts may fairly be said to represent official policy , of the County, has inflicted injury to the plaintiff by way of Denied full equal access, of services, privileges, advantages, of public accommodation of the Cuyahoga County Common Pleas System, by officials who pursued their duty to enforce State law.

(Compl. at 7.) He further asserted that the Cuyahoga County Court of Common Pleas segregated "plaintiff who is Black *pro se* litigant from, its Courts of PUBLIC FACILITIES; by way of 'promulgation of Journal Entries.'" (Compl. at 8.) He contended that the Common Pleas Court opinion violates Ohio Revised Code §§ 2109.02 and 2109.07 and that he was "deprived ... of protections of the Ohio Constitution due course of law clause at Article § 1.16 & U.S. Constitutions' prohibitions against Governments Unlawful Sizer [sic] of Real Estate under the 4th Amendment thus the Judges Violated the 14th Amendment by their acts or edits, which makes the county as there [sic] employer Liable." (Compl. at 8.)

This Court dismissed Mr. Barksdale's complaint for failure to state a claim on August 10,

2007.  The Court found that Mr. Barksdale's attempt to attack the state court decisions were barred by the Rooker Feldman Doctrine, his attempt to have this court intervene in and dismiss a pending state foreclosure action was barred by the Younger Doctrine, and his attempt to litigate these matters anew was barred by the doctrine of res judicata.  In addition to these grounds requiring dismissal, this court determined that none of the defendants was subject to suit under 42 U.S.C. § 1983.  The judicial officers named as defendants were absolutely immune from suits from damages, Cuyahoga County was sued improperly under the doctrine of respondeat superior, and Deutsche Bank was not a state actor.

Mr. Barksdale filed the within Motion for Reconsideration challenging the dismissal of the complaint.  Specifically, he states that this court "erroneously conflated preclusion law with Rooker-Feldman Doctrine, Younger Doctrine, and Res Judicata."  (Mot. at 3.)  He contends his complaint should have been considered on it merits and not "dismissed on technicalities."  (Mot. at 3.)  He repeats many of the same arguments asserted in the complaint which attack the foreclosure action and the decision of the Eighth District Court of Appeals.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e).  The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted).  Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered.  Keeweenaw Bay Indian Cmty. v. United States, 940 F.Supp. 1139, 1141 (W.D. Mich.1996). Additionally, a party wishing

3

to alter or amend a judgment may not "raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

## II. ANALYSIS OF CLAIMS

Although it appears that Mr. Barksdale may be attempting to assert an error of law to justify relief under Rule 59(e), he has failed to do so. His Motion is comprised entirely of legal rhetoric and miscellaneous quotes from various cases which he uses to arrive at unsupported conclusions. For example, he claims the Rooker-Feldman Doctrine is inapplicable to his case because:

> "the district court cannot dismiss plaintiff's suit representing the Estate of a decedent challenging the state court's decision under the U.S. Constitution, when plaintiff has asserted conduct of county officials pursuing his or her duty to enforce state law *Gottfired v. Medical Planning Services, Inc.,* unconstitutionally implemented a decision that caused injury *id.* to the Estates which he represents Depiero v. City of Macedonia 180 F.3d 690, 770, 786 (6th Cir. 1999).

(Mot. at 5.) He further explains:

> the plaintiff representing decedent Jacqueline Barksdale Williams estate stated he took no de facto appeal instead he sued in district court because of an earlier state decision involving the racist conduct of [Ohio Eighth District Court of Appeals's Judges] their written opinions are work product for the purposes of § 1983."

(Mot. at 6.) He characterizes his complaint as "a collateral attack on procedural and jurisdictional issues based not on the wisdom of the earlier court's decision but its authority or competence to issue in." (Mot. at 6.) Contrary to plaintiff's assertion, this is precisely the type of matter which is precluded by the Rooker-Feldman Doctrine. His argument that the Younger Doctrine does not apply is equally incomprehensible. He claims:

4

> the Younger Doctrine cannot be used to preempt plaintiff's decedent representative complaint due to the fact the district court conflates Younger preclusion law in contravention of the merits of the complaint and indeed of the acts and edits of the defendant's [sic] which are of public concern because of 12,000 subsequent foreclosures in Cuyahoga County filed yearly, most of which are in Black Neighborhoods (decedent Jacqueline Barksdale Williams Estate) qualifies the Federal Courts to interfere with pending state proceedings involving important state interest foreclosure fraud & predatory Lending, additionally the merits of the complaint are also of Great National interest under review presently by Congress and United States Attorney Office."

(Mot. at 4.) Again, this statement does more to support the application of the Younger Doctrine rather than to demonstrate a legal error in this Court's judgment. His remaining arguments are similarly stated. Nothing in the Motion reasonably suggests that an error of law was made in dismissing Mr. Barksdale's complaint for failing to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court denies Mr. Barksdale's Motion for Reconsideration under Federal Civil Procedure Rule 59(e). (Docket no.5).

**IT IS SO ORDERED.**

                                             S/Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **UNITED STATES DISTRICT JUDGE**

October 9, 2007